Welcome everyone. Ms. McKee, would you call the first case for argument this morning? First case for oral argument on Thursday, November 20, 2025. Case number 25-1111 from the Western District of Missouri. Planned Parenthood Great Rivers Missouri et al. v. MO Dept. of Social Services et al. Ms. Hunker. Thank you, Your Honor. I may have pleased the Court. Kathleen Hunker on behalf of the Department of Social Services. To give you a quick road map, I'm going to start with my introduction, immediately turn to jurisdiction, and then with remaining time address the merits of removal. It is emphatically the province and duty of federal courts to say what the law is. The removal statute protects that duty by guaranteeing defendants a federal forum to answer questions that arise under the United States Constitution and its laws. Planned Parenthood seeks to deny the Department this right and divest federal courts of jurisdiction by advancing a hyperliteral definition of the term state court. What's more, to insulate its claims further, Planned Parenthood has compromised its own position. It now takes the position that the Administrative Hearing Commission is a state court. Well, on one end of the case, but you do too. Isn't that kind of a cheap shot? It is not, Your Honor, because we've been consistent. We do believe that the Administrative Hearing Commission is a state court, but we do acknowledge that the posture it's coming up from the lower court is that the lower court made the determination it is not a state court. Isn't it better just to sort of pick a horse and ride it, right, that state court means the same thing all over the removal statute? Well, we actually think this is evidence of why it doesn't fall under 1447D, and if you give me a second, I'll explain. So first is that the two statutes, 1441A and 1447D, do use the same term state court. As Planned Parenthood concedes, the normal rule of statutory construction is that identical words and phrases within the same statute have the same meaning. 1441, 1447, they were both enacted at the same time, they both are part of the same statute, the maxim fits. Now, Planned Parenthood's assertion is that they're trying to salvage the situation by pointing to the clause following state court, which is from which it was removed. But this language simply clarifies that a proceeding should go back to the same state court from which it came. It doesn't actually alter the term's meaning. If an action is removed from a court in Cole County, it shouldn't be remanded back to a court in St. Louis County or Jackson County. In addition, this sort of is an indication of why the district court's opinion doesn't fall under 1447D. The Supreme Court has interpreted that provision to cover less than its words alone suggest, such that it only applies to subject matter jurisdiction and remands based on a procedural defect. So I just have to ask, you got a little unlucky with your judge draw because I used to be a federal courts professor, but the state court has a particular meaning and my understanding is that Missouri does not define under state law, what is it, the Office of Administrative Hearings, the Administrative Hearing Commission as a state court. Am I correct about that? Not in the constitutional sense, Your Honor, but it does acknowledge that agencies like the Administrative Hearing Commission does in fact exercise judicial powers. And that's important because state law does not control in this instance. It's supposed to be a federal question where it's unaffected by local law. There are 50 state jurisdictions in the United States. Each define their judicial branch differently and each understand courts differently. But here's the thing. So I think it's probably a necessary but not sufficient that it be a court, like under state law. Like we're not going to have three people convening at the city council and call that a court. And so I think it's important that the state law recognizes that it's a court as well. Well, I disagree, Your Honor, because again, if we're looking at precedent and when we're looking at the statute itself, you're supposed to, with an undefined term, look at the ordinary meaning. And the first step of that is to look at the simple dictionary definition from the time in which the statute was enacted. And in this case, 1948, you look at the Oxford English Dictionary, and it defines it as an assembly of judges or other persons legally appointed acting as a tribunal to hear or determine any case. So you think under plain and ordinary meaning, if you said court, people would think, oh, that must be the city council, the seven city council members. Well, the city council doesn't actually have attributes of a court. It doesn't have the same characteristics. What we're simply saying is you have to look at the overall totality of the characteristics. You have to look at its function. And you have to look at its powers. The Administrative Hearing Commission consists of five commissioners. They are appointed by the governor with advice and consent of the Senate. They are a neutral arbitrator. Six-year term, counsel? Four-year term? Which is it? Is it a six-year term to judge a server or a four-year term? Supposed to be an easy question. Proceed. Go ahead. I think it's six. I think it's six-year, but I had to think about that for a second. Go ahead. But there are neutral arbitrators who must be licensed to practice law before the Missouri Supreme Court, as must counsel before them. Okay, so let's – I'm just going to – I'm going to extend this out. So it's a matter of federal law. I don't know a single administrative agency, an executive branch court, that is treated as a court for purposes of federal law. Like, zero. Like, there are none. They all have to have an Article III court above them to review the decision. Well, Your Honor, I don't know the specific statutes that they are – have been established and created, and I don't know what the simple dictionary definition at that time was. They act exactly like the Missouri Administrative Commission. I mean, you could talk about immigration courts. You could talk about the NLRB. These all act in exactly the way you're doing it, and not a single one of them is defined as a court under federal law. Well, I will simply say then, Your Honor, that the Supreme Court has said that the federal removal statute is interpreted differently, because if we look at Upshur County v. Rich, in that case you had three Pennsylvania landowners who challenged a tax assessment in West Virginia. The Supreme Court remanded in that case because it found that the Upshur County court, despite being called a court and despite originally being established as a state court, had no judicial powers except in probate. It was basically an administrative body and managed county affairs. Let me just ask you this. Is there review in a court from what the Administrative Commission says or rules? Yes, Your Honor. Depending on the circumstances, it would either go to the circuit court of the county, or in small cases it would go to the Supreme Court of Missouri. So why isn't that the appropriate time to remove it, potentially? Because at least then you're at a state court. Well, two answers, Your Honor. We do recognize this is an open question that circuits have disagreed. This was the first culpable opportunity the state had to remove, and the removal statute requires it within 30 days. We have a very fast deadline to make a decision of whether or not this is the proper moment. Now, it could potentially be that we appeal into additional state court, and that would be definitively a state court. But depending on the ruling of the Administrative Hearing Commission, it's actually an open question of whether we would be a plaintiff or a defendant. Counsel, could the state or the department avoid this quandary, or at least part of it, by seeking a declaratory judgment in federal court as to the constitutionality of the state statute? I'm sorry, can you repeat the question, Your Honor? I didn't hear it. Yeah. Couldn't the department avoid this quandary by seeking a declaratory judgment in federal court if you want to know whether the statute is constitutional, without worrying about the removal issue? That would be something I would have to investigate. I don't have an answer for you right now, simply because my office has not considered that option. Counsel, I speak Missouri. Labor and Industrial Relations Commission has three members, one to represent the employer, one to represent employees, one to represent the public. And they do all workers' comp cases at all stages, and their appeals go to the Court of Appeals. You didn't mention that, but their appeals go to the Court of Appeals only in Missouri. Now, are theirs removable from the all workers' comp cases at which they raise some equal protection, substantive due process claim? Are they removable? I would have to look more closely at all the functions and characteristics. Oh, boy, they have lawyers in big cases with big amounts of money that spend their whole careers there. And there's a whole part of the department that handles that. You're not prepared, I won't. I will simply say, though, Your Honor, the way you described it, it does show that there's going to be individuals there that represent, for instance, the regulators, the public, but also the people who are regulated. Here we have a neutral arbitrator, which is much closely in line with how we do it. That's the reason they have the public member counsel, and they have the one of each one at LIRC. But that's still showing an influence that doesn't necessarily exist here. And, again, here you have rules of evidence, rules of discovery. You have subpoena power. You have sanction power. You have credibility determinations and fact determinations that are deferred to by the courts. If you were to ask the ordinary meeting for the general public, which is where laws are written, they would consider this to be a court. And that is really our point, is that in this case. But it's also toothless. You listed a whole bunch of things, and they can't enforce their own judgments. You have to run the circuit court, and that is a huge attribute of courts, is being able to enforce the judgment. Well, Your Honor, I'll give you the example of state courts in Texas, which can't issue affirmative injunctions against a constitutional officer. That's a limitation on their power, but no one would say that they're not a court. There are occasionally courts that have limitations. And if you look at the First and the Seventh Circuit, they both had administrative agencies or boards that had the exact same limitation, and they determined that it, in fact, was a state court because it had all these other attributes. Which is the closest case, counsel? That's the only question I've got. The closest case would probably be Volkswagen v. Puerto Rico. Is it the Fourth or the Seventh? That one's the First, but there's also the Seventh. Oh, the First. Yeah, and there's also the Seventh Circuit opinion, which is Floater v. CW Transport as well. Thank you. And then I was just going to ask, subpoena power is also a problem. See, I don't think there's subpoena power, and I don't think there's enforcement power. Well, I acknowledge the enforcement power, Your Honor. I can't say for certain, standing here, about the subpoena power. I was under the impression they had it. But I would have to revisit the specific language. Well, it has to be enforced in the circuit court. They have several of these powers, and then they have discovery powers and other things, and then they're enforced in circuit court, right? That's the general rule at the AHC? That's the general rule, Your Honor, and there's going to be specific rules depending on the specific hearing. I just want to also get back a little bit towards the jurisdictional question, since we kind of did come slightly off base. As I noted earlier, the 1441A and 1447D hinge on the meaning of state court. If Section 1447 bar review, then the Administrative Hearing Commission would have the singular achievement of being the first Schrodinger's court, where it is both a state court and not a state court at the same time. The merits question is just too bound up with the jurisdiction question for it to be extricated. The easiest way to solve the dilemma is to view the question of being a state court as falling outside of 1447D. The Supreme Court, as well as Planned Parenthood, has acknowledged that there are sets of cases that fall outside of 1447D's prohibition, and this would be one of them. Because 1447D does not stand as an obstacle, the next step would be the court to determine whether or not the order itself is appealable, either as a collateral or final order. The Supreme Court in Quackenbush pretty much puts this to rest. The court there determined that a remand order was in fact a collateral order because it effectively put the litigants outside of the court. That particular holding is binding on this court and should control here. I am close, Your Honor, to my rebuttal time, and so unless you have any questions, I'll sit down and come back in a few minutes. You may. Thank you, Your Honor. Ms. Charles. Thank you. Thank you, Your Honors, and may it please the court. Amber Charles on behalf of Appellees, the Planned Parenthood medical providers. This case involves two improper procedural actions by appellants. First, they improperly removed this action from the Missouri Administrative Hearing Commission, which is not a state court. Second, following the district court's proper remand order, appellants noticed the instant appeal in violation of 28 U.S.C. 1447D. Given that this court's jurisdiction is a predicate issue, I do want to begin there and respond to some points made by my opposing counsel. Are those issues really so intertwined that we have to address them at the same time, the merits and the jurisdictional issue? I don't believe so. I do think the jurisdictional issue is a predicate issue. However, frankly, I don't think it matters what you take up because if Missouri is correct and AHC is not a state court for purposes of permitting this appeal, then their removal was improper and on the merits you have to affirm the district court's order and remand to the AHC. So whichever you take up, I think you get to the same place. But of course, given that this court, as a federal court, has to consider its jurisdiction, I do think there are issues where that is the appropriate way to resolve this case. Why not just treat them the same? I mean, even from your perspective, if you consistently argue that it's not a state court, yes, we appeal, or yes, they appeal, but we end up not sending it back or we end up sending it back to state court. So I don't kind of get why both sides are arguing. I get Missouri, but why both sides are arguing that there's different meanings of state court, which is a huge hill to climb, I mean an enormous steep hill to climb. I think you're absolutely right, Your Honor. Ultimately, the result is the same for my client. This goes back to the AHC. And so I do not think, we wanted to address the issue. Of course, we filed a motion to dismiss that then became part of, you know, was referred to the merits panel, so we did want to address it here today in case you had questions. We also do understand that as a federal court you have to consider your jurisdiction, but I think you are absolutely right. However, if state court, if the AHC is a state court, then remand is necessary. And if it's not a state court, then, I'm sorry, is not a state court, remand is necessary. If it is a state court, this appeal is barred. So you get to the same place either way. Counsel, is this affected by the fact that five to seven of their appeals every year go direct to the Missouri Supreme Court? If they concern a statewide tax, the appeal from this administrative hearing commission on a room of a great big state office building goes direct to the Supreme Court of Missouri. Does that affect the analysis anyway of their court? We do believe that when you analyze whether the AHC, turning to the merits, is a state court, of course, you have to look at Missouri law to understand how it functions. It is not within the judicial portion of the Missouri Constitution. It is, of course, its enabling statute places it as an administrative agency within the executive department of Missouri. And to your question, Judge Minton, yes. Trueblood makes clear that judicial review is not possible by the AHC. The AHC sits in the shoes of the underlying administrative agency. Its decision becomes the decision of that agency, and it has to be appealed. Judicial review has to occur within the state court system in Missouri, whether that be to... So it doesn't matter that some of their cases go to the director of the Supreme Court? I don't believe so. I think that there's still a process for judicial review, whether it occurs in the circuit court or in the Supreme Court. And you led me to my next question, because you said that, and it's true, for several purposes they do stand in the shoes of these state officers. And some of the state officers have subpoena power. Director Revenue does. Some of these agencies have other powers like that. Does that affect it that some of the cases when they rule, it has the same effect as a court judgment? We do think there's a very clear distinction between a court and an administrative agency, even an administrative agency that has certain powers like subpoena powers or has the ability to issue a final judgment as between the party that is before that administrative agency. That does not make something a court. State court, as the term state court is used in the statute, as the Third Circuit, the Ninth Circuit, and the Tenth Circuit have found, state court is a knowable plain language term. Missouri's position, frankly, would open the courthouse doors to a huge flood of cases removed from various administrative agencies. Can I ask you, I just want to follow up on Judge Benton's question, which is could it go the other way, which is that if they're standing in the shoes of the executive official, in some federal agencies, the head of the department can actually overrule the court's decision, can take a different position for the agency. Is that true in Missouri? Because that would suggest that it's not a court if it could be overruled by an executive official. And I just don't know whether that's true in Missouri or not. I apologize, Your Honor. I don't know whether that's true for any of the specific bodies that are appealed to the AHC. Also, to follow up on Judge Benton's question, when an aggrieved party appeals to a state court from a decision of the AHC, are the factual determinations of the AHC binded on the state court? I believe they do accept those factual determinations, but of course. So wouldn't that be an attribute of a court? I do think that certain administrative agencies may share attributes with courts, such as subpoena power or the ability to engage in fact-finding. That does not make them courts. The AHC, as Your Honors have noted previously, does not have the ability to conduct judicial review on its own, and it does not have enforcement authority. So the fact that two bodies, one administrative in nature and one judicial in nature, want to court, share certain attributes, is certainly not sufficient to say, under either a plain language meaning or any other test, that that administrative body becomes a court simply because it has certain powers that courts also exercise. But that could be an issue of being a court. Let's say there's nine of ten ordinary court powers under the court's functionalist approach in some of its cases, not all, but most of the cases. You could say, well, it's pretty close. It's pretty close to a court. Maybe it should be a court. If you employ a functional test like the First Circuit, that's quite possible. We think the plain language test applied by the Third, Ninth, and Tenth Circuit precludes that. But even under the functional test, the AHC does not have nine out of ten powers of a court. It is, again, I think first you look to whether it is considered a court in either the Constitution or its own enabling statute. The answer here is no. Well, on the other side of the coin, they have no power to decide constitutional issues, do they? The AHC does not have the power to decide constitutional issues. Does it matter? They have to be preserved there, counsel. Are you aware the Missouri law says you have to preserve your constitutional issue at the Administrative Hearing Commission, or even the highest or lowest courts in Missouri will not consider it? Absolutely, and that is what we've done here. That's why these were filed in front of the AHC, and our briefs expressly recognize that they were filed for preservation purposes, not for the AHC to determine them. I believe that is a function of the exhaustion of administrative remedies that we all are well aware of when administrative agency decisions can be appealed to a court. The fact that you have to preserve there, I do not believe that that makes this a court because, of course, it is only the act of preservation. They cannot consider the issue. And I want to ask about that. I'm going to follow up on that because I think that's really interesting. So usually when you remove, the scope of the case is set up in the state court, right? So what you can decide is this universe of things that came in the petition, and you sort of exercise the same sort of powers you did in state court. Well, if you can't decide constitutional questions in the AHC, you're removing a case now where the federal court is going to be expected to deal with some of those constitutional issues. So you have that asymmetry, and that kind of violates the whole idea of removal. I'm helping you out, I guess, but I'm trying to figure this out because I wasn't aware of the preservation only versus being able to decide. Of course, Counselor, do you know what the purpose of the preservation point is in Missouri? I do not specifically know. The lower court or the administrative agency is supposed to find all the facts that are necessary to decide the constitutional issue. And those facts, as indicated earlier, are pretty much binding on the other courts. There's some possibility they're not, but in practice, in the Missouri Supreme Court's language, there's no doubt about that. So is it effective by the fact that you've got to find all the facts there that are relevant to the constitutional issue? I don't want to lose the point. Go ahead. I appreciate that, and we do not think that changes the determination or makes this a court because, of course, you are finding those facts for the purposes of a later judicial review by a different body. You are not finding those facts to make a judicial determination and certainly not an enforceable one. And that would force us to find the facts, right? Because the theory of removal, right, is that you're removing it from the agency before it finds the facts. And then we would have to find the facts, even though the administrative agency should be the one doing it. And then you get court review. So I wonder if we'd actually be upsetting the process set up in Missouri from a federalism perspective by jettisoning the fact-finding of the administrative office. I absolutely think you would, and I think that is really the problem with this incredibly broad definition of a state court that is offered. It would sweep in a huge number of these bodies that have been empowered and enabled under state law to engage in these sorts of fact-findings and these sorts of administrative determinations. It would shortcut all of that. The AHC does not only deal with Medicaid licensing. It deals with medical marijuana licensing. It deals with environmental matters. It deals with state tax law. So even just this body, there can be an incredible number of cases where a federal court would be tasked with stepping into the shoes of the administrative agency and trying to engage in this sort of fact-finding that is supposed to occur at the administrative level that is supposed to then be subject to state court review. And on that point, we do want to emphasize the Eighth Circuit, in Doe's v. Gillespie, expressly said, this is the process by which appellees like my client should follow. If you seek review of a revocation decision, you should seek it in the AHC or the state administrative body and then have it be subject to the judicial review of the state. Later on in Medina, the U.S. Supreme Court said the same. The U.S. Supreme Court expressly cited this court's case in Doe's v. Gillespie, which is 867 F3D 1034. Medina, as 606 U.S. 357, expressly said alternative enforcement exists. This dealt with a private right of action by a patient to bring a claim. It said states have administrative processes for provider challenges reviewable by state courts. My client has followed precisely the process that the Eighth Circuit and the U.S. Supreme Court have directed them to follow. This removal is what disrupts that process. Counsel, can I ask you, so I want another Supreme Court case, the St. Louis Southwestern Railway case from 1922, where the court said an Arkansas county court, that happened to be within our circuit, although I don't know if the Eighth Circuit covered it back then, but that could function either as an administrative body or as a court. And the county court could be a court, but it could also be an administrative body. That presents some problems. I'm a formalist, not a functionalist. The Supreme Court was functionalist in this particular opinion. You can make the argument that an administrative body like this can function as a court or an administrative body. That would be the converse. Why isn't that true? Well, first of all, that case in 1922 predated the modern removal statute or the term state court. It was interpreting an earlier statute. I believe it was... They had state court in the earlier statute, too, right? It's always had state court in there, hasn't it? I believe, actually, the statute that was interpreted, both in Upshur County and also this case, was the issue of civil action, not of court. And at that time, the statute referred to what is now referred to as a civil action in 1441. It used the term suit. Suit. Yeah, so it was interpreting whether something was a suit. Whether a body could be both administrative and judicial, I think functionally, of course, I do think bodies can hold kind of hybrid duties or hybrid functions. But here, I don't believe we are in that situation. And Congress has, in drafting the statute, they have offered a definition. 28 U.S.C. 1451 is the definition section for the term state court. Congress, at the time of drafting, did not find any ambiguity that it felt necessary to add to 1451 to clarify the meaning. The only thing in 1451, it says, when we refer to state court, we include the District of Columbia Superior Court. So the only ambiguity they found necessary of clarifying was one about the term state and whether that included a territory. Missouri is effectively asking you to replace the plain term state court with an expansive term such as tribunal or bodies tasked with the administration of justice. Before you go on to that, I want to just go back to the Southwestern Railway. Why do you think it is not an administrative or why it is not a state court under this test, the test they set up? And I understand you're saying, well, it's different context, different statute. I just want to understand why that is. So I think the functional test, as we call it in our brief, looks at various factors, including the procedures and enforcement powers. And I think we've already discussed some of those. There's no judicial enforcement here. And, of course, Trueblood tells us it cannot engage in judicial review. It instead sits in the shoes of the administrative body. There's also the locus of traditional jurisdiction for where a claim is heard. And Missouri, I think, focuses on the constitutional claims to say those are typically heard in federal court. But, of course, as Judge Menden has noted, those claims are there for preservation purposes only. AHC does not have the ability to determine them, to resolve them. The actual claim in front of the AHC is one of licensing. And that locus of traditional jurisdiction is with the state that develops its licensing schemes. And the Medicaid statute expressly tells us that. It tells us the state is supposed to create an administrative procedure to deal with these sorts of licensing issues. Counsel, your time has expired. Let me see if there are further questions. Seeing none, thank you for the argument. Thank you. We respectfully request you remand. Thank you. I think I'm going to jump in right off the bat because the constitutional issue, and I don't usually do this, the constitutional issue and the fact that the record is supposed to be developed at the administrative agency level for later court review in Missouri would seem to me to be dispositive that this is not a state court. I want to give you a chance to respond. And I'm also thinking it through the prism of, like, Minnesota. No one would call the Minnesota administrative agency's courts because of the layers of review. And we have a similar exhaustion rule for constitutional issues in Minnesota. Well, let me quickly address the statute itself, 1441A, which says, except as otherwise expressly provided by an act of Congress. So the removal statute overcomes any negative implication, the idea that we're having some other administrative process, sorry, some other process in the state. The Medicaid statute and the removal statute, if they, to the extent their intention, the removal statute is being more specific in saying it has to be expressed, should control. Yeah, but doesn't that disrupt separation of powers? I don't think I agree with you, having written about the removal bar. I don't think I agree with that premise. But it disrupts separation of powers to step in and interfere with an administrative agency's review of these issues. I don't think so, Your Honor, because fact-finding is something that is done typically by a trial court. And so the federal trial court stepping in, now, if you were talking, of course, about the Eighth Circuit, I think it would be inappropriate. But if you're talking about the trial court doing fact-finding, that is ordinarily what a state court or a body would do. So you see no problem that if you were in Missouri, the administrative agency would make the findings on those issues that would then go up to the circuit court for the court review. And here, it would just be a one-step. It would not be a two-step. It would be a one-step. You go straight into trial court. Trial court makes the findings and deals with the constitutional issues. I do not, Your Honor. I'm sorry, I blanked. The main reason why is because in ordinary circumstances, usually these are actually state claims. It's a question of whether or not the Medicaid statute was applied correctly. Here, that question is not really the case. Planned Parenthood in its petition basically accepted that 2634 was correctly applied by the state. It's just they challenged the underlying legality. And so this is a very different situation because the underlying legality is being challenged under federal statute as well as the federal constitution. Have you thought about sort of the scope of what this would do? And I'm thinking about it through a Minnesota prism. Workers' compensation would now be potentially in federal court. Tax assessments would be in federal court. I'm thinking these are the exact same situations you're presenting here. It is up to Congress. Congress in this case included a statute whose ordinary meaning is broader than perhaps what the adverse consequences it saw, but that is also the result of the expansion of the administrative state. However, it's up to Congress to change it. It is up to this court to apply it. I will only say that the general expectation is that you look at characteristics as a natural way we associate objects to concepts. It's why I know not to drive on a parkway. And that's why I know not to drive on a parkway and park on a driveway. I mean, words don't always line up. And I see I'm out of time. So unless you have any other questions, Your Honor. No. Thank both counsel for their argument. Case 25-1111 is submitted for decision of the court.